■ SNOW BECKER & KRAUSS, P.C., Respondent, v ISG SOLID CAPITAL MARKETS, LLC, Appellant. [748 NYS2d 369] —Order,

Supreme Court, New York County (Paula Omansky, J.), entered January 15, 2002, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this action to recover fees allegedly earned by plaintiff law firm while representing defendant during defendant's underwriting of an initial public stock offering, defendant seeks dismissal of the complaint upon the ground that plaintiff's representation of it was vitiated by a conflict of interest, since plaintiff, at the same time it represented defendant, also represented defendant's counderwriter, nonparty Coleman and Company Securities, Inc. Defendant's motion for summary judgment was properly denied inasmuch as the record does not permit the conclusion that plaintiff's simultaneous representation of both underwriters was, as a matter of law, conflict ridden. In view of the successful completion of the initial public offering and the affidavits on the motion indicating that it is the industry-wide practice for a single law firm to represent all underwriters in the context of an initial public offering, and that, in that context, the law firm is not expected to vouch for the financial ability of the individual underwriters to fulfill their underwriting responsibilities, there were, at the very least, factual issues raised as to whether the simultaneous representation at issue entailed any conflict. Even if a conflict had been established, however, defendant would still have failed to demonstrate a violation of the Code of Professional Responsibility, since the record indicates that plaintiff was retained by defendant only after defendant had been advised by plaintiff and Coleman of plaintiff's prior representation of Coleman in connection with the initial public offering and other matters. Defendant provides no nonspeculative basis for its contention that confidential information about Coleman's regulatory history and prior dealings with the entity making the initial public offering, which plaintiff may or may not have possessed, was relevant to the specific services plaintiff was retained by defendant to perform (see Code of Professional Responsibility DR 5-105 [c] [22 NYCRR 1200.24 (c)]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.